UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LANDRYS L L C ET AL

VERSUS

CHUBB BERMUDA INSURANCE LTD

CASE NO.  2:26-CV-00424

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the Court is "Chubb Bermuda Insurance LTD.'s Motion to Dismiss or Stay" (Doc. 7), wherein Defendant, "Chubb" moves to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or stay the action pending arbitration pursuant to 9 U.S.C. § 3. Also, before the Court is "Plaintiffs' Motion for Declaratory Judgment and Request for Anti Suit Injunction" (Doc. 16).

## BACKGROUND

This is an insurance coverage case brought by Plaintiffs alleging violations of Louisiana law, including claims for breach of a duty of good faith and penalties, arising out of Defendant's failure to honor the promises contained in a relevant insurance policy that is part of a tower of insurance providing all-risk coverage for Plaintiffs' properties. Plaintiffs seek coverage under the Policy for business interruption losses sustained due to COVID-19 Civil Authority Closure Orders ("Closure Orders") affecting approximately 500 U.S.-based properties, including those in Louisiana.

Plaintiffs are each part of a multi-billion-dollar corporate conglomerate headquartered in Texas that owns and operates approximately 500 restaurants, hospitality,

and gaming facilities throughout the United States, including locations in the State of Louisiana, Calcasieu Parish.[1] Plaintiffs' properties are covered by various insurance policies with different insurers, including the May 2019 property insurance policy with Chubb at issue in this case (the "Policy").[2]

Chubb was and is a foreign surplus lines insurance carrier, organized under the laws of Bermuda, with its principal place of business located in Hamilton, Bermuda.[3] The Policy at issue contains an arbitration clause purporting to require arbitration in London, England, under the English Arbitration Act of 1996, with English senior barristers or retired judges as arbitrators applying New York law.[4]

Plaintiffs allege that Chubb breached the insuring agreement and waived the Arbitration Clause and the application of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") by failing to make a timely demand to arbitrate and seeking a belated determination of arbitrability in an improper tribunal.[5] Plaintiffs further allege that as of the date the instant Complaint, (February 10, 2026),[6] that was initially filed in state court, Chubb had not invoked arbitration in London, nor has it filed a Motion to Compel Arbitration in the U.S. courts, but continues to pursue litigation in the English Court.[7] Chubb informs the Court that it reasonably believed that Plaintiffs were not seeking coverage because Plaintiffs voluntarily dismissed the

---

[1] Doc. 1-2, ¶ 1.
[2] *Id,* ¶¶ 3-4.
[3] *Id.* ¶ 20.
[4] *Id.* ¶ 22.
[5] *Id.*
[6] Doc. 1, Notice of Removal, ¶ 3.
[7] Doc. 1-a, ¶ 23.

proceedings against Chubb for five years without making any demand or communicating with Chubb, and thus, it did not waive its right to arbitrate.[8]

## PROCEDURAL HISTORY

On January 8, 2025, Plaintiffs filed suit against Chubb in state court alleging that Chubb breached its obligations under the Policy.[9] Chubb later removed the case to this Court. In this Court, Plaintiffs moved for a preliminary injunction and Chubb moved to dismiss the action for lack of personal jurisdiction over Chubb. This Court issued a preliminary injunction, which was subsequently reversed by the Fifth Circuit for lack of personal jurisdiction over Chubb. *Landry's LLC v. Chubb Bermuda Ins. Ltd.*, 2025 WL 2814713 (W.D. La. Sep. 30, 2025), *vacated and case dismissed by*, 2025 WL 3516766 (5th Cir. Dec. 8, 2025).[10] Plaintiff then filed a petition for reconsideration,[11] which was later rejected by the Fifth Circuit.[12]

On February 11, 2026, Plaintiffs filed a new lawsuit against Chubb in state court making specific jurisdictional allegations; on that same date, Chubb removed the lawsuit to this Court.[13]

## LAW AND ANALYSIS

---

[8] Doc. 26, p. 12.
[9] *Landrys LLC v. Chubb Bermuda Insurance Ltd, et al*, Civil Action 2:25-1175.
[10] The Fifth Circuit determined that as to general jurisdiction, there was no evidence that Chubb, a Bermudan citizen, had such continuous and systematic affiliations with Louisiana to render it "essentially at home" in the state to establish general jurisdiction, and there was not evidence that Chubb purposefully directed activities at the state of Louisiana to establish specific jurisdiction. *Landry's LLC*, 2025 WL 3516766, at *1-2.
[11] Petitioner for Panel Rehearing, *Landry's LLC*, 2025 WL 3516766 (No. 25-30566), ECF No. 93.
[12] Order on Petition for Rehearing, *Id.* ECF No. 98.
[13] Docs. 1 and 1-1.

In its Motion to Dismiss, Chubb maintains that the current action is an effort to overturn and relitigate the Fifth Circuit's judgment finding that this Court lacks personal jurisdiction over Chubb. Chubb argues that Fifth Circuit precedent precludes Plaintiffs' efforts under the doctrine of issue preclusion.

In its Motion for Declaratory Judgment and Request for Anti Suit Injunction, Plaintiffs seek a judgment that declares that the Arbitration Provision is unenforceable, that this Court has personal jurisdiction over Chubb, and a U.S. Anti-Suit injunction is warranted.

Specifically, Plaintiffs contend that it has personal jurisdiction pursuant to Louisiana's long-arm statute and the unauthorized-insurer provisions of Louisiana Revised Statute 22:442. Additionally, Plaintiffs contest this Court's subject matter jurisdiction pursuant to 9 U.S.C. § 205 and 9 U.S.C. § 1442 because Defendants have waived arbitrability through prejudicial delay, gamesmanship and litigation in non-arbitral forums pursuant to Article II(3) of the New York Convention. Plaintiffs also argue that the relevant Arbitration Provision is void *ab initio* under Louisiana Revised Statute 22:868 and public policy.

In their request for declaratory judgment under 28 U.S.C. § 2201, Plaintiffs seek a declaration that: 1) this Court accepts federal subject matter jurisdiction based upon diversity; 2) Louisiana law applies to Plaintiffs' breach of contract claims as a consequence of diversity jurisdiction; 3) this Court has personal jurisdiction over Defendant; 4) the Arbitration Provision is inoperative and unenforceable; 5) the choice of law provision purporting to apply New York law to the Policy is unenforceable; and, 6) this Court enter

a U.S. Anti-Suit Injunction ("U.S. ASI") staying all proceedings in foreign territories, including England.

*Chubb's Motion to Dismiss for lack of personal jurisdiction*

Chubb maintains that due to the *res judicata* effect as to jurisdictional issues, *Devins v. Armstrong*, ---F.4th ---, 2026 WL 388714, at *3 (5th Cir. Feb. 12, 2026), the instant action must be dismissed. Similarly, claim preclusion bars a party from relitigating the lack of personal jurisdiction, when that was previously determined against that party. *Pace v. Cirrus Design Corp.*, 2024 WL 2817567, at *2 (5th Cir. June 3, 2024).

The Fifth Circuit's ruling in this matter held that the Court erred by declining to consider whether it had personal jurisdiction over Chubb prior to issuing the preliminary injunction. *Landry's LLC,* 2025 WL 3516766 at *1. Specifically, the Fifth Circuit found that neither general, nor specific personal jurisdiction was shown. As to specific jurisdiction, the Fifth Circuit concluded that there was no evidence that Chubb had purposefully directed activities at the state of Louisiana, after considering that Chubb underwrote 40% of a policy tower covering Landry's Louisiana properties and collecting premiums for those risks, as well as Chubb's Louisiana contacts insuring the in-state risks and denying coverage for in-state losses. Additionally, the Fifth Circuit held that general jurisdiction was not found after considering that Chubb solicited business via U.S brokers, participated in a U.S.-based tower, and covered nationwide risks including Louisiana. *Id.* at 3.

Chubb maintains that the Fifth Circuit has entered a final judgment that this Court has no personal jurisdiction over it, and Plaintiffs cannot relitigate this issue either under the doctrine claim preclusion. The Court agrees.

Chubb relies on *Devins v. Armstrong*, wherein the Fifth Circuit explained that "dismissals for lack of jurisdiction, even without prejudice, still exert res judicata effect as to those jurisdictional issues." --- F.4th ---, No. 25-50713, 2026 WL 388714, at *3 (5th Cir. Feb. 12, 2026). Additionally, "[a]lthough the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit[s] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims. *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

Additionally, claim preclusion bars a party from relitigating the lack of personal jurisdiction, when that was previously determined against that party. See, e.g., *Pace v. Cirrus Design Corp.*, 2024 WL 2817567, at *2 (5th Cir. June 3, 2024) (holding that "res judicata barred [plaintiff]'s attempt to relitigate its adverse jurisdictional rulings"); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) ("[R]es judicata appl[ies] to jurisdictional determinations"); *Frank C. Minvielle LLC v. Atlantic Refining Co.*, 337 F. App'x 429, 435 (5th Cir. 2009) ("Although a jurisdictional ruling is technically not an adjudication on the merits, [i]t has long been the rule that principles of res judicata apply to jurisdictional determinations--both subject matter and personal"); *Unity Commc'ns, Inc. v. Unity Commc'ns of Colo., LLC*, 105 F. App'x 546, 547 (5th Cir. 2004) (per curiam) ("[P]rinciples of res judicata apply to jurisdictional determinations—both subject matter and personal"); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack

upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal").

Here, the Fifth Circuit has ruled that this Court lacks personal jurisdiction over Chubb. As noted by Chubb, that issue was briefed in the original filing in this Court and in the Fifth Circuit. The Fifth Circuit has spoken. As such, this Court is precluded from revisiting the issue of personal jurisdiction. Despite Plaintiffs contesting certain jurisdictional facts not previously contested in the first action, this Court is bound by the Fifth Circuit's ruling. See *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, (re judicata bars a later suit when a plaintiff attempts to reassert claims or arguments that were, or should have been, raised in an earlier action) 128 F.4th 657, 663 (5th Cir. 2025).

Despite the Fifth Circuit's ruling and this Court's respect for same, the Plaintiffs' new jurisdictional facts and issues raised should be taken to the Fifth Circuit to be addressed by that Court.

## CONCLUSION

For the reasons explained herein, the Court will grant Chubb Bermuda Insurance LTD.'s Motion to Dismiss or Stay (Doc. 7), and deny Plaintiffs' Motion for Declaratory Judgment and Request for Anti Suit Injunction (Doc. 16).

**THUS DONE AND SIGNED** in chambers on this 15th day of April, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**